# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELA DENISE CARSON,**

      **Plaintiff,**

v.                                                                                     Case No: 6:21-cv-20-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION[1]

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for period of disability and disability insurance benefits. In a decision dated April 2, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from April 1, 2017, the alleged disability onset date, through March 31, 2019, the date last insured. R. 43–44. Having considered the parties' memoranda and being otherwise fully advised,[2] the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

**I.**      **Issues on Appeal**

Claimant raises the following arguments on appeal:

1) The ALJ did not properly weigh the opinions of Dr. Frank and Dr. Bartholomae. *See* Doc. 25 at 10.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Docs. 19; 31.

[2] At Claimant's request, the Court also heard oral argument in this case. Docs. 26, 28–30.

2) The ALJ did not have lawful authority to hear Claimant's case. *See* Doc. 25 at 20.

## II.     Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.    Discussion

Here, Claimant argues that the ALJ failed to mention—let alone consider—the medical opinions of Dr. Frank and Dr. Bartholomae. The Court agrees—thus, there is no need here to address Claimant's remaining argument. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r*

*of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[3] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed her claim after March 22, 2017,[4] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[5] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

---

[3] Here, in assessing the Claimant's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She can sit, stand, and/or walk for six of eight hours. She can frequently climb ramps and stairs. She can frequently balance, kneel, and crouch. She can occasionally stoop and crawl. She can occasionally climb ladders, ropes, and/or scaffolds. She should avoid concentrated exposure to temperature extremes, wetness, humidity, noise, and workplace hazards. She is limited to unskilled, low-stress work (few changes in the work setting), occasional contact with the public, and frequent contact with co-workers.

R. 39.

[4] Claimant filed her claim on December 26, 2017. R. 35.

[5] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[6] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

In most cases, here the Court would cite to the ALJ's relevant discussion of the medical opinions. However, therein lies the issue—there is no relevant discussion. In the decision, the ALJ failed to mention—let alone consider—both Dr. Frank's and Dr. Bartholomae's opinions.

---

[6] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

Indeed, the ALJ failed to even cite to or discuss the exhibits in which the opinions were contained. Plainly, the ALJ erred in failing to consider both opinions. *See* 20 C.F.R. §§ 404.1520c(a)-(b).

Further, the Court cannot say that this error was harmless. As a panel of the Eleventh Circuit recently explained, "We stress, however, that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion and the reasons therefor." *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020) (citations omitted). And at the very least, both opinions are relevant to, and probative of, the resulting RFC. R. 39–42; *see Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Additionally, the potential impact of the limitations in these opinions on the resulting RFC is reasonably disputed by the parties. Doc. 25 at 15, 17–18. As such, the Court "cannot say that the failure to address [these opinions] was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [Claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

Accordingly, the Court finds that this matter is to be remanded for further proceedings. Since this issue is dispositive, the Court finds that there is no need to address Claimant's remaining argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV. Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**ORDERED** in Orlando, Florida on February 1, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE